JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-03710-RGK-KS | Date | May 10, 2024 |
|---|---|---|---|
| Title | *VENESSA RASPA v. THE HERTZ CORP. AND GEORGE ALLEN* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT

    On May 3, 2024 Defendant The Hertz Corporation ("Hertz") removed this action from the Los Angeles County Superior Court to federal court on the basis of diversity of citizenship.

    Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

    Venessa Raspa ("Plaintiff"), a citizen of California, filed the current action, alleging state statutory claims under FEHA, California Labor Code, and California Business and Professions Code. Plaintiff's Second Claim for Sexual Harassment has been asserted against both Hertz and an individually named defendant, George Allen, who is also a citizen of California. Based on the citizenship of both Plaintiff and Defendant Allen, there is no diversity of citizenship upon which to base federal subject matter jurisdiction. In the Notice of Removal, Defendant argues that (1) the forum defendant rule does not apply; and (2) Defendant Allen is a sham defendant because "Plaintiff cannot establish that Allen's alleged conduct was sufficiently severe or pervasive to constitute harassment as a matter of law." (Def.'s Notice of Removal, p. 9, lines 22-23.) As defense counsel should know, (1) the forum defendant rule is irrelevant to this matter, as Plaintiff is also a California citizen; and (2) Plaintiff's ability to present sufficient evidence to establish a requisite element of her claim is not the standard for determining whether a named party is a sham defendant.

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **2:24-cv-03710-RGK-KS** | Date | May 10, 2024 |
|---|---|---|---|
| Title | ***VENESSA RASPA v. THE HERTZ CORP. AND GEORGE ALLEN*** | | |

    For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

    **IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/vc |